Vasconcelo v. Miami Auto Max. Okay. Mr. Sanchez, will you speak with us? Yes, Your Honor. You may begin. Thank you, Judge. I'm going to please the court, Anthony Sanchez, for the appellant, Roberto Vasconcelo. This case arises from a jury trial that occurred in March of 2018 on a one count complaint alleging a minimum wage violations under the Fair Labor Standards Act. The jury returned a verdict in Mr. Vasconcelo's favor, which we maintain was suppressed as a result of a number of errors committed by the trial court, which we address in our briefs. We've divided the arguments into errors that are related to the trial itself and between post-trial matters. The trial- I think the problem with the appeal from the judgment is that we lack jurisdiction. And that the attorney's fee determination is a separate one. That your appeal from the judgment on liability is untimely. To be sure, we held in Shelton that attorney's fees are an integral part of the merits of a Fair Labor Standards Act case. But since then, the Supreme Court has made it very clear in Budenick that there's a one rule, a uniform rule, for that issue. And that the final decision is separate from the attorney's fee determination. And that insofar as courts have held to the contrary, including the precedents that we had relied upon in Shelton, that the court was abrogating those precedents and making it clear that from now on, those are two separate decisions. Your Honor, I would respond to that by saying that the Supreme Court has never abrogated the Shelton case. And in fact, that Shelton is still good law. That the Supreme Court has never ruled on a Fair Labor Standards Act case, which is a special- That's true. But what it said was some courts of appeals have held that statutes creating liability for attorney's fees can cause them to be part of the merits. It rejected that approach. It cited both McCurder and Holmes as examples and said it was adopting a uniform rule and held that a final determination as to the award of attorney's fees is required as part of the final appealable judgment. I see, Judge. I think that the Budinich case and the Ray-Holich-Gravel case both say that it's as a general rule, that's the case, but it's never come up- It doesn't say general. It says a uniform rule. As a general matter, we think it is indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain, is what the Budinich opinion says. It says on page 202 that it was adopting a uniform rule, too. I understand. I think that what I would say is that this court continued to distinguish Budinich notwithstanding that language as it applied to contract provisions awarding attorney's fees and continued to apply 11th Circuit precedent because it was not until the Supreme Court's Ray decision that those 11th Circuit precedents were specifically abrogated. Since the Supreme Court has never ruled on this issue with respect to a unique statute, which is the FLSA, that Shelton remains good law until the Supreme Court specifically says otherwise. They've specifically abrogated case law from the 11th Circuit pertaining to attorney's fee provisions, but they did not abrogate in that situation the Shelton authority. And as I said, the court— You know, I'm at a loss to understand how much clearer the Supreme Court has to be when it says it's adopting a uniform rule, that it's rejecting courts of appeals who have looked at it on a statute-by-statute basis, that it cites decisions that involve attorney's fees and civil rights actions, attorney's fees and maritime law, and that we're supposed to say, oh, well, because they didn't say the Fair Labor Standards Act, that's unaffected. You know, I don't know how much clearer the Supreme Court could have been. If you're asking me, Your Honor, how much clearer the Supreme Court could have been, I would only say that they could have been more clear when they're abrogating all of the cases that they specifically mentioned in the Supreme Court case. So unless they cite every case, you know, in America, we're not to take them seriously when they say that they have adopted a uniform rule and that we shouldn't be using a statute-by-statute approach. What I'm saying is that post Budenich, this court continued to enforce the idea that attorney's fees are part of the merits of cases in contract attorney's provisions. What about the Ray Hullett case in 2014, where the Supreme Court said, look, complex variations and fee-shifting provisions make exceptions to the uniform rule unworkable, and it said, look, we reject the notion that you should treat some fee-shifting provisions, treat as part of the merits and some as not. Don't do that. Judge, again, the Ray Hullett's gravel case said that as a general rule, pending fee motions do not prevent finality of merit judgments from becoming final for purposes of appeal. That case arose in the context not of an FLSA case or statutory case, but under a contractual fee provision case. Prior to that case and post Budenich, this court continued to treat attorney's fee cases as attorney's fee provisions and determinations of attorney's fees as marking the finality of the La Chance cases, where the 11th Circuit continued to apply contract cases until the Supreme Court specifically abrogated that line of cases that this court continued to apply post. So this court has continued to apply on Shelton post Budenich, but not Shelton precisely, but has continued to apply the idea that it's not final until attorney's fees provisions are resolved in contract cases post Budenich. It was only when it was specifically abrogated that they held other lines. And we maintain that Shelton is still a good law because it hasn't been overruled, it hasn't been specifically abrogated, and that the Fair Labor Standards Act is a unique statute which creates a private right for a public benefit and all of the reasons that support that conclusion. So I suppose then I will move, since you're not entertaining, I suppose the jury trial issues, I will move to the attorney's fees and cost issues. We maintained that the court erred by using the Rule 68 offer of judgment to take away the plaintiff appellant's statutory mandatory right to recover costs of litigation, and because the court relied on the rejection of a supposed Rule 68 offer of judgment as a basis for downward departing from the Lodestar calculation and calculating the amount of attorney's fees and costs that he was entitled to by statute. The case law is clear that where a provision of a statute is clear, that the statutory language creates a mandatory right to an award of costs, and where that cost award would fulfill the legislative purpose of the statute, that where it's part of the mechanism that the court can't take away the costs that are part of the statute and would fulfill the statutory mandate based upon the rejection of a Rule 68 offer of judgment. Additionally, Rule 68 is... The rules of civil procedure apply to all civil actions, and by virtue of the Rules Enabling Act, which provides that the effective date for any rule of procedure, when we look to it, that all laws in conflict therewith shall be of no further force or effect. Rule 68 was actually adopted, its effectiveness was after the Fair Labor Standards Act, so even in the event of a conflict insofar as this more specific rule and its conflict with the more general rule of the Fair Labor Standards Act, because this comes afterward, we have to give effect to both, and we have to give effect to Rule 68, don't we? It's a rule of procedure, but it affects a substantive right provided by Congress in the Fair Labor Standards Act, a substantive award which is mandatory and inalienable. It's incongruous for a statute that's passed by Congress to be in part abrogated by virtue of a rule of civil procedure. Rules of procedure don't change substantive rights. Additionally, I would mention that the Rule 68 offer of judgment in this case was not in conformance or conformity with the President of this case. Those offers of judgment have to be clear, precise, and subject to only one interpretation. Okay, Mr. Sanchez, you saved four minutes for rebuttal. Ms. Silvia? Yes, good morning, Your Honors. Can you hear me? Yes. Okay. May it please the Court, my name is Chelsea Silvia. I represent the Appellee's Defendants in this action. My plan was to start with jurisdiction and then move on to the attorney's fees issue. I agree with the Court. Ms. Silvia, I can only speak for myself. Yes, Your Honor. We filed a response to the Court's jurisdictional question issued sometime last year, citing the cases, the Budenich case and the Ray Hallich case. It can't be any more clear. The Budenich case followed the case that counsel relies on. Shelton. Shelton, yes, I'm sorry. Are you familiar with Lachance? He seems to rely on Lachance saying somehow in Lachance post-Budenich, we can't continue to apply Shelton. Is that accurate or wrong? Um, actually, no. Lachance cites Budenich. So Budenich, I think, was 97 and then 87. Oh, I'm sorry, 87. And it cites to Budenich holding that attorney's fees is always a collateral issue. Um, so is there any case where we have ignored Budenich post-Budenich? I guess that's what I'm asking. The argument that counsel's making is, uh, there was a distinguishment in certain cases. I'm not actually. He said contract. He said contract. Yeah. Um, but I guess the question Judge Hull's asking, though, is have we followed Shelton in Fair Labor Standards Act cases, notwithstanding, um, Budenich, um, since Budenich? Is the question is have you followed Shelton or? Are there published precedents of this court following Shelton post-Budenich? Not that I was able to locate, Your Honor. Shelton is the standalone case. Budenich followed Shelton and established a bright line rule. It would make, it would contradict the clear language of, uh, Budenich to hold otherwise. And if that wasn't clear enough, the Supreme Court came out again and Ray Hallich, um, to reaffirm and essentially expand the already very clear bright line rule. Um, and, and just as a note, both of those cases, Budenich and Ray Hallich involved employment, uh, wage claims. So I think the logic of distinguishing it on that substantive grounds is, is not correct. Um, employment wage claims in what context? Um, in, in, uh, Ray Hallich, I know the, the, it, the case discusses a plaintiff sought to recover employment related, um, payments. Um, do you know what statute that was under? Sorry, there's a Colorado statute in, Ray Hallich, uh, that they were seeking fees under Budenich. Um, the facts were, oh, I'm sorry, Colorado statute, um, sued for compensation. He claimed he was owed under a Colorado statute, which similar to the FLSA contained a prevailing, uh, party attorney's fees provision. Um, the jury awarded less than the employee sought. The employee filed a motion for new trial, um, and the judge determined that the employee- Okay, let's go back to my question. Post, post Budenich, uh, you're saying we, our, this court has not followed Shelton and distinguished it except in contract cases. And what do you mean? Do you agree with that? No. Is that just where the contract itself says you're entitled to cover attorney's fees? Yes. Um, I think that was a distinguishment, but then Ray Hallich came out to clarify that this bright line rule also applies in contract cases. Okay. Um, that, that's my understanding of the, the expansion. It wasn't a broad expansion. The Lachance case, Your Honor, I believe, uh, Judge Hall, you cited, um, that you had asked about. Well, he, he cited it saying we followed Shelton there. I didn't think so, but I don't really know. No, I don't believe so. Um, in the, in the Lachance case, uh, it, it actually distinguishes prior cases and says those cases were decided before the Supreme Court's decision in Budenich, which held that attorney's fees is always a collateral issue. And that's, uh, Lachance, uh- Okay, so Lachance kind of, I mean, suggests it's been impliedly overruled. Okay. Yes. All right. Um, and then I haven't, these aren't cited in the briefs, but I'm sure, I know, uh, Chief Judge Pryor, you're likely familiar with the, uh, Sable Trails cases that have come up recently. And, and I, they involve somewhat similar issues where attorney's fees are, are litigated at the same time as the underlying merits of the case. In every, all three cases, I saw that they tried to appeal the attorney's fees and the, uh, merits judgment, and the court has consistently dismissed the attorney's fees appeal as it's a collateral, um, issue separate from the merits. And the merits important here- That's, that's, that's, that's condemnation cases. Right. And, but the merits, the point here is that the merits are appealable and required to be appealed. Yes. Um, something even more, I think, obvious in this case is that, uh, the district judge, there was some delay, um, busy dockets in the Southern District, especially with these types of cases. Um, there were some months that went by after the jury verdict, um, and substantial briefing on the attorney's fees issue. So after, uh, March was the jury trial, by October, nothing had, uh, final judgment still wasn't entered. So on October 30th, 2018, this is at appendix 89, before entering the merits final judgment, the court entered a warning order regarding final judgment stating because of the delay occasioned by these outstanding issues, the court now vacates the part of its prior order, delaying the entry of final judgment and will, by separate order, enter final judgment on the merits of this case, reserving jurisdiction to determine parties pending fees and cost motions. In that, uh, order, the judge cites Duboutinich and, and specifically quotes the provision. Oh, really? Yes. Stating, it was actually a very, I thought, indicative, helpful hint, um, to whoever wanted to file an the final judgment that he announced he was entering, um, and that's appendix, uh, page 91. And then 114 days later, uh, the plaintiff filed his untimely. You want to go on to attorney's fees then? Thank you. Um, so council first addressed, and I think there's substantial briefing on the offer of judgment, the rule 68 offer of judgment. Um, obviously I, I disagree with, uh, the merits and the logic and the case law, um, cited council relies on, on policy considerations, I think, to, uh, try to. He ended by arguing that this offer of judgment was somehow vague. I'd be happy to, um, after, uh, it didn't look vague to me, but I thought you might want to after carefully drafting every single word in comma, I'd be happy to address that issue. Um, so council focuses on, even though he didn't get to the exact ambiguity, he ran out of time. I believe the ambiguity he, he attempts to raise is, uh, and, and by the way, the offer of judgment is, uh, at, uh, appendix pages 46 and 47. Um, so if you want to look at the exact language, um, the, the amount that critical language is defendants offer $3,500 inclusive of liquidated damages, plus most significant word. There a reasonable amount of attorneys fees and costs incurred to date by plaintiff, including fees and costs incurred in establishing the amount of fees and costs to be determined by the court. Um, the Kate, the ambiguity that, uh, plaintiff's council has tried to create completely ignores the word plus, and in the report and recommendation by the magistrate, I thought, um, there was some pretty, uh, helpful quotes. I guess I would say, um, he, he cites to Merriam Webster's dictionary for the definition of the word plus, because to argue that it means anything other than we're offering attorneys fees in addition to the $3,500 is completely illogical. It goes against the clear language of the offer of judgment. Um, it's an unreasonable reading. You, you, you're, you say there's no ambiguity. I, I, I don't see it. Um, does, is there any reason to think that rule 68 doesn't apply in Fair Labor Standards Act cases? I don't see, there's no case that says that there are cases in the Southern District of Florida. Um, there is one 11 circuit case that actually, I think there's two 11 circuit cases that it's not a holding applying the, uh, rule 68 in the context of FLSA, but it, it. The assumption is that, that it applies. Absolutely. Um, those cases, um, are, um, the, are, I can't pronounce this, are in the, it was an FLSA case, 1997. Um, the plaintiff in that case accepted the offer of judgment. The offer, unlike ours was silent on cost or fees and just offered judgment in the amount of $4,000. Um, in that case, the 11th circuit held that the U S Supreme Court's seminal case on offer of judgments in Merrick versus the state of Chesney rationale applies equally to the phrase costs and accrued applicable to accepted rule 68 offers. And stated that because, uh, 16 B of the FLSA does not define costs to include attorney's fees. The district court should not have reserved jurisdiction to award the plaintiff's attorney's fees as rule 68 costs. The holding is not significant, but the, the, what I'm citing it for is that it's been recognized easily and floated over in many cases, um, where there's a rule 68 offer served in an FLSA case. I can't see anything in the language of the statute of the FLSA as compared to other statutes where rule 68 applies at the rule of civil procedure, as your honor pointed out. Um, and, uh, let me see. There was one other case, um, a more recent case where the 11th circuit brushed over a, uh, offer of judgment. Well, to the extent that there were, that there were any conflict by virtue of the rules enabling act, it appears to me that because rule 68, um, became effective after the fair labor standards act that to the extent that there's a conflict rule 68 would prevail. Right. I would agree with that, your honor. Um, and, and in any event, I actually think the policy argument goes the other way. If we're going to get into policy, um, these FLSA cases are small claims, you know, typically small for smaller amounts. Um, having rule 68 incentivizes settlements as the Supreme court recognized in Merrick. Um, it incentivizes the parties to think seriously about serious settlement offers, which we made in this case. Um, and the, the results in this case speak volumes because plaintiff could have recovered $3,500 instead of the 97 20, he got a trial. So, um, and avoided, you know, three years of litigation that we're still going on now. So I just don't see the argument from the language of the statutes, the rule, or the rationale on a, on a policy decision. Um, your honors have any further questions I would ask that you affirm on all grounds and dismiss the portion of the appeal on the merits. Okay. Ms. Sylvia. Um, thank you very much. Um, Mr. Sanchez, you have four minutes. Thank you. Uh, going back to the jurisdictional question, the point I was trying to make is that the reason this, the Supreme court case of Ray Hall, which arises from 11th circuit authority is because this court was continuing to, uh, apply the idea that a judgment isn't final and contract fee cases and the spring court honestly were wrong to the extent of the contract case. So we were missing, we were misunderstanding that this is a uniform rule. Don't look at it. Um, on this context specific approach. Um, here's my question to you, Mr. Sanchez, um, since, um, Buddha, Nick, uh, has the Supreme, has this court published a precedent that says that not to the country, nor have we in any way suggested that of course, then since Ray Hallock either, no, it hasn't come up. So we've really got to decide whether Shelton, um, has been abrogated, um, by those clear expressions by the Supreme court or not. Right. But when this, when the Supreme court was abrogating, it specifically abrogated the contract line of cases as applying the Budenich logic to those cases. Yeah, that's true. Um, but, but it was also very clear in, um, in, in Buddha, Nick, um, that, um, look when in Shelton, we relied on McCurder, a 1984 decision of the 11th circuit and Holmes, uh, 1982 decision of the fifth circuit that we relied on both of those earlier precedents and the Supreme court specifically disavowed both of those expressly disavowed both of those in Buddha, Nick, right. It did not, it did not expressly disavow any fair labor standards. It disavowed the very precedents that we had relied upon in Shelton to reach that decision under the fair labor standards act. Did it not? Uh, I believe that's correct, your honor. However, I would say that what the court truly relied on in the Shelton decision was both the language and the purpose of the FLSA, which is exactly the language that the court used in, in, uh, in deciding the Shelton decision that it was because of the lane. We were using the logic of the McCurder and Holmes precedents that told us, uh, to, to, to use that kind of approach, which Buddha niche, the Supreme court said we shouldn't be doing. I understand. Um, I, I would also, I would also point out that the, with respect to the offer of, of judgment of that, that there's authority, uh, not controlling authority, but there's authority for the proposition that because rule 68 says what it says, it is a self-executing rule. It does not permit, uh, for the fairness determination that's required, uh, by, uh, by this court's, uh, uh, Lynn versus, uh, Lynn foods. Okay. So in FLSA cases, the entry of a judgment has to be preceded by a fairness determination, which this offer of judgment makes no reference to. Uh, and, uh, that's one of the reasons why both that it's vague and also because why we think that rule 68 doesn't, doesn't apply to FLSA cases. It's self-executing and you can't have a self-executing entry of judgment in light of this court's authority in the, uh, Lynn food stores case. Okay. Um, I think we understand your argument, Mr. Sanchez, and, uh, uh, we appreciate your time this morning. Um, we will be in recess until tomorrow morning. Thank you, your honors.